Shane E. Olafson (State Bar No. 024605)
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595
Telephone:  602.262.5327
Facsimile:  602.734.3756
solafson@lrrc.com

Blaney Harper (admitted pro hac vice)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  202.879.3939
Facsimile:  202.626.1700
bharper@jonesday.com

*Attorneys for Defendant Cree, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| OptoLum, Inc., <br><br> Plaintiff, <br> v. <br><br> Cree, Inc., <br><br> Defendant. | No.  CV16-03828-PHX-DLR <br><br> **RULE 12(b)(3) MOTION OF CREE, INC. TO DISMISS FOR IMPROPER VENUE** |

Defendant Cree, Inc. ("Cree") moves pursuant to Fed. R. Civ. P. 12(b)(3) to dismiss this case for improper venue, or in the alternative, to transfer this case to the District Court for the Middle District of North Carolina.  This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendant Cree, Inc. ("Cree") moves under Fed. R. Civ. P. 12(b)(3) to dismiss the amended complaint for patent infringement brought by Plaintiff OptoLum, Inc. ("OptoLum") because venue in this Court is improper.  The patent venue statute, 28 U.S.C. § 1400(b), explicitly provides that patent cases may be brought in the judicial district "where the defendant resides."  Where a defendant resides for purposes of the venue statute has recently been defined by the Supreme Court of the United States to

mean the defendant's State of Incorporation. Cree is not incorporated in the State of Arizona, nor does it have a regular and established place of business in Arizona. Accordingly, there is no provision in 28 U.S.C. § 1400(b) -- the sole proper basis for venue in this matter -- pursuant to which venue in this District is valid for Cree.

When a case is brought in the wrong venue, 28 U.S.C. § 1406(a) provides that the matter shall be dismissed or transferred. To the extent this Court considers transferring this case in the interest of justice, the Middle District of North Carolina is the proper and most convenient venue. The bulk of the evidence, including product documentation and financial records and associated relevant witnesses, concerning Cree's products subject to the patent infringement counts of the complaint are in Cree's facilities in Durham, North Carolina. Also, a number of the factual witnesses are located in North Carolina. The applicable convenience factors counsel that this action should, if not dismissed, be moved to the Middle District of North Carolina.

## II. FACTUAL BACKGROUND

### A. The Parties

According to the First Amended Complaint, OptoLum is a corporation organized under the laws of the state of Arizona with a principle place of business in Tempe, Arizona. (Dkt. 32, ¶28). In contrast, Defendant Cree is a corporation organized under the laws of the state of North Carolina with a principle place of business in Durham, North Carolina. *See* Exhibit A, Declaration of John A. Demos In Support Of Cree Inc.'s Motion To Dismiss For Improper Venue (hereinafter "Demos II Decl.") at ¶ 2. Cree has approximately 5,988 employees worldwide with approximately 3,498 in the United States, the vast majority of those (2,419) located in North Carolina. *Id.* ¶ 3. Cree is headquartered in North Carolina with substantial manufacturing plants located there. *Id* at ¶ 4. The documents concerning the design and manufacture of its products, as well as its corporate records concerning its financial expenditures and revenues are located there. *Id.* ¶ 6. Cree has no facilities in

Arizona and is unaware of any evidence within its possession, custody or control relevant to the claims of this matter within Arizona. *Id.* ¶ 7.

### B. Procedural Background

OptoLum filed the original complaint (Dkt. #1) on November 3, 2016, alleging Lanham Act violation, unjust enrichment and patent infringement. In response, Cree filed a motion to transfer venue under 28 U.S.C. § 1404(a) (Dkt. #22) and a Rule 12(b)(6) motion to dismiss the Lanham Act and unjust enrichment allegations (Dkt. #24) on January 12, 2017. OptoLum then filed an amended complaint (Dkt. #32) dropping one of the patent counts (while retaining the other two). The Court then issued its Order (Dkt. #49) denying Cree's motion to transfer because Cree had not made a sufficient showing to "warrant upsetting OptoLum's choice of forum." Dkt. #49 at p. 3. That order also granted Cree's Rule 12(b)(6) motion to dismiss the Lanham Act and unjust enrichment counts. *Id.* at 9, 13.

A Fed. R. Civ. P. 16 scheduling conference was held on April 11, 2017 in which the current deadlines for the case were set. *See* Order (Dkt #59). These included the following: Cree's answer to the amended complaint was due April 18, the deadline for identification of claims to be construed is June 15 and the deadline for amending pleadings was set for August 1, 2017.

Cree timely filed its answer to the amended complaint on April 18, 2017. About a month later, on May 22, the Supreme Court defined for the first time how the phrase "where the defendant resides" was to be construed for purposes of the patent venue statute 28 U.S.C. § 1400(b). In reversing the U.S. Court of Appeals for the Federal Circuit, the Supreme Court held that "'reside[nce]' in § 1400(b) refers only to the state of incorporation." *TC Heartland LLC v. Kraft Foods Group Brands*, 581 U.S. ___ (2017), slip op. at 10. With this ruling, the Court changed decades of settled law. Cree has since moved, concurrently with the filing of this motion, for leave under Fed. R. Civ. P. 15(a)(2) to amend its answer to deny that venue is proper.

### III. VENUE FOR CREE IS IMPROPER IN THIS COURT

#### A. Legal Standard

"The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. D. of Texas*, 134 S. Ct. 568, 578 (2013). When venue is improper, "the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Id.* at 577. The statutory remedy for improper venue provides that when a case is brought in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* (citing 28 U.S.C. § 1406(a)).

Proper venue in a patent case arises under 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In 1990, the Federal Circuit held that where a corporation "resides" for purposes of § 1400(b) was determined by the ***general*** venue statute 28 U.S.C. § 1391(c).[1] *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1584 (Fed. Cir. 1990). Following *VE Holding* (until the Federal Circuit was reversed), venue for a patent case was proper where a corporation was subject to personal jurisdiction. As of May 22, 2017, that is no longer the law.

The Supreme Court held that the term "'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers ***only*** to the State of incorporation." *TC Heartland*, slip op. at 7-8 (emphasis added). The Court also

---

[1] In 1988, the general venue statute 28 U.S.C. § 1391(c) was amended to recite that "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction." Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, § 1013(a), 102 Stat. 4642, 4669 (1988). It was again amended in 2011 to its current version.

1 explained that the meaning of § 1400(b) is *not* modified by the general venue statute
2 § 1391 (overruling the Federal Circuit in the *VE Holding* decision).  *Id.* at 8-9.
3 Accordingly, the current state of the law  -- set forth after Cree filed its answer -- is that
4 venue in a patent case is now limited to the explicit conditions set out in § 1400(b), not
5 by the provisions of § 1391.

### B. Cree Is Not Subject To Venue In This District

7 OptoLum's complaint alleges proper venue for patent infringement "under 28
8 U.S.C. § 1391(b)-(c) and 1400(b)."  Dkt. #1 at ¶ 6.  However, the *only* appropriate
9 venue provision for patent infringement is § 1400(b).  *TC Heartland*, slip op. at 7-8.
10 Under § 1400(b), venue is proper in an Arizona District Court for a suit against Cree
11 *only* if 1) Arizona is the State of Incorporation for Cree *or* 2) Cree has performed acts
12 of infringement in Arizona *and* Cree has a regular and established place of business in
13 Arizona.  28 U.S.C. § 1400(b).  Neither is the case here.

14 The applicable facts concerning Cree are clear and unrebuttable:  1) Cree is
15 incorporated in North Carolina (Demos Decl. ¶ 2), and 2) Cree has no place of business
16 at all in Arizona (Demos Decl. ¶¶ 4, 7).  Cree currently has no employees in Arizona.
17 *Id.* at ¶ 12  Based on these facts, Cree does not meet the requirements of § 1400(b) --
18 that is, Cree is not incorporated in Arizona and Cree has no regular and established
19 place of business in Arizona.

20 In support of Cree's earlier motion to transfer, John A. Demos, a corporate
21 representative of Cree submitted a declaration.  *See* Dkt. #23.  At paragraphs 22-23 of
22 that declaration, two employees were identified as having Arizona addresses.  In
23 support of Cree's current motion to dismiss, Mr. Demos provides updated information
24 on those two individuals.  *See* Demos II Decl.at ¶ 12..  The first, Steve Bingham, never
25 worked for Cree in Arizona.  He actually moved to North Carolina *before* he started
26 work for Cree.  *Id.*  (emphasis added).  The second, Joseph Patrick Clancy, had a
27 position with Cree that has since, as of April 26, 2017 been eliminated.  *Id.*  Thus, as of
28 April 26, 2017, Cree has no employees at all working in Arizona.  Mr. Clancy had a

1 position in which he provided certain educational and training support for Cree's
2 distributors. *Id.* He had no inventory, was not involved in contracts or sales, and did
3 not solicit or interact with customers. *Id.* He did the majority of his work from the
4 road, in and out of Arizona. *Id.*

5 The record facts establish that Cree has no regular and established place of
6 business in Arizona. To ascertain "whether a defendant has a regular and established
7 place of business in a district, the court determines whether the defendant does
8 business in that district through a permanent and continuous presence there." *MTEC,*
9 *LLC v. Nash*, No. CV 08-563-AC, 2008 WL 4723483, at *7 (D. Or. Oct. 20, 2008)
10 (citing *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985)). "Once venue is
11 challenged as improper, the plaintiff bears the burden of showing that venue is proper."
12 *Id.* at *5. Courts are in "agreement that the regular and established place of business
13 standard requires more than the minimum contacts necessary for establishing personal
14 jurisdiction or for satisfying the 'doing business' standard of the general venue
15 provision." *Johnston v. IVAC Corp.*, 681 F. Supp. 959, 962 (D. Mass. 1987) (citations
16 omitted).

17 In its First Amended complaint (Dkt. #32), OptoLum identifies the facts it relies
18 on for establishing venue at ¶ 33. Notably, OptoLum does not allege that Cree has a
19 regular and established place of business in Arizona. The only facts alleged at ¶ 33
20 purport to show Cree provides "infringing products and services to customers" in
21 Arizona. Mere solicitation of orders in a district is not sufficient by itself to establish
22 that a defendant had a regular and established place of business in the district for
23 purposes of establishing venue. *Schoofs v. Union Carbide Corp.*, 633 F. Supp. 4, 6
24 (E.D. Cal. 1985).

25 Notwithstanding the allegations in OptoLum's amended complaint, the
26 remaining record facts also support that venue in Arizona is improper as to Cree.

27
28

101466758_1                                6

1  Specifically, there are no employees of Cree of any type currently working in Arizona.[2]
2  As such, Cree does not have a "permanent and continuous" presence in Arizona.
3      Moreover, the one employee that Cree previously had in this District had no
4  inventory, did not take orders for products and did not participate in contracts with
5  distributors or customers.  Demos II Decl. ¶ 12.  His only job was to facilitate
6  communication, through education and training, about Cree's products to its existing
7  distributors.  *Id.*  These circumstances are similar to those in *Johnston v. IVAC* in
8  which venue was determined to be improper  because the salesman with the home
9  office did not make direct sales, keep inventory or provide extensive technical support.
10 681 F. Supp. at 964 (distinguishing the facts of *In re Cordis* in which the salesman kept
11 sizeable quantities of inventory, and then acted as consultants to the end customers
12 (doctors) by their presence in the operating room and post-surgery consultation).  *See*
13 *also Schoofs*, 633 F. Supp. at 5 (denying reconsideration of dismissal for lack of venue
14 by distinguishing the circumstances of a single salesperson where sales are approved
15 through home office from the facts of *In re Cordis* in which multiple salespeople,
16 having substantial inventory, consummating sales and providing extensive consultation
17 through presence in the operating room).
18      As in *Johnston* and *Schoofs*, the activities of Cree's now non-existent single
19 employee in Arizona do not demonstrate the type of permanent and continuous
20 presence required to establish venue.  Since Cree maintains no regular and established
21 place of business in Arizona, venue is improper under § 1400(b).
22      Further, any potential argument that Cree has waived such a venue defense by
23 not including the defense in the 12(b)(6) motion the Court granted in Order (Dkt. #49)

---

[2] As set out in his declaration, Mr. Demos is clear that the elimination of Mr. Clancy's position was done April 26, 2017, approximately a month before the May 22, 2017 *TC Heartland* decision by the Supreme Court.  There can be no question that the elimination of that position was taken by Cree independently of the *TC Heartland* decision.

1   is also misplaced.  Fed. R. Civ. P. 12(h) defines when a venue defense (Fed. R. Civ. P.
2   12(b)(3)) has been waived.  That rule only requires waiver when a venue defense has
3   been omitted from a motion "in the circumstances" of Fed. R. Civ. P. 12(g)(2).  But the
4   circumstances of Rule 12(g)(2) only apply to a defense "that was *available* to the party
5   but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2) (emphasis added).

6       "[A] party cannot be deemed to have waived objections or defenses which were
7   not known to be available at the time they could first have been made, especially when
8   it does raise the objections as soon as their cognizability is made apparent." *Engle v.*
9   *CBS, Inc.,* 886 F. Supp. 728, 730 (C.D. Cal. 1995) (quoting *Holzsager v. Valley Hosp.*,
10  646 F.2d 792, 796 (2d Cir. 1981) (granting defendant leave to amend to challenge
11  venue after defendant omitted venue challenge from Rule 12(b) motion based on
12  amendment to venue statute 28 U.S.C. § 1391(c))).  The venue defense raised by Cree
13  now was not available at the time that Cree was required to file its answer.  Only since
14  that time has the venue defense become available.  Accordingly, because Cree's venue
15  defense was not available in the circumstances of Rule 12(g)(2), that defense has not
16  been waived.

17      The record facts are clear:  Cree is not incorporated in Arizona and has no
18  regular and established place of business in Arizona.  Under 28 U.S.C. § 1400(b),
19  venue is improper as a matter of law in Arizona.

20      **C.    This Action Must Be Dismissed Or Transferred**

21      Cree brought, and this Court denied, a previous motion to transfer pursuant to
22  28 U.S.C. § 1404(a).  That motion was denied because Cree had "not made a strong
23  showing of inconvenience to warrant upsetting OptoLum's choice of forum."  Dkt. #49
24  at p. 3.  OptoLum's choice of forum is no longer at issue because it is improper.  By
25  statute, when a case is filed in the wrong district, the Court "shall dismiss, or if it be in
26  the interest of justice, transfer such case to any district or division in which it could
27  have been brought."  28 U.S.C. § 1406(a).  The statutory remedy is to either dismiss or
28  transfer the case.  To the extent this Court finds it in the interests of justice to transfer

the case, the proper district where this matter could have been brought is the Middle District of North Carolina.

### i) The Middle District Of North Carolina Is The Right Venue

As a threshold matter, the fact that OptoLum could have brought this lawsuit against Cree in the United States District Court for the Middle District of North Carolina is not disputed. As Cree is a resident of, and does substantial business in, the state of North Carolina, the Middle District of North Carolina has personal jurisdiction over Cree and could have exercised subject matter jurisdiction over Cree concerning the patent counts (Counts 3-5) pursuant to 28 U.S.C. §§ 1331 and 1338. Accordingly, Plaintiff could have originally filed this lawsuit in the Middle District of North Carolina.

In considering where to transfer a case, Courts exercise their discretion based on the overall convenience of the parties and witnesses, and the interests of justice. Courts consider the following applicable nonexclusive factors in exercising their discretion to adjudicate a motion to transfer: (1) the location where relevant agreements were negotiated and executed, (2) the state most familiar with governing law, (3) the plaintiff's choice of forum, (4) the parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action, (6) differences in cost to litigate in each forum, (7) the availability of compulsory process to compel witness attendance, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Rico Corp.*, 487 U.S. 22, 30-31 (1988)). These are the same convenience factors the Court evaluated in its previous ruling on transfer. However, now that OptoLum's choice of forum is not available, these factors strongly favor transfer to the Middle District of North Carolina.

### ii) The Parties' Contacts with the Respective Venues

To evaluate the parties' respective contacts, alternate venues must be identified. The only possible proper venues (other than the Middle District of North Carolina) are where Cree has a regular and established place of business. Those would be Goleta,

California (Central District of California) and Racine, Wisconsin (Eastern District of Wisconsin).  Neither of those districts have a substantial relationship with the patent issues in this case.  The facility in Wisconsin manufactures lighting fixtures (not bulbs) and the facility in California does research and development (not bulb related).  Demos II Decl., at ¶ 5.  The access to records and witnesses located in Durham, North Carolina is much greater than either Wisconsin or California.

As the Court recognized in its previous Order on venue transfer, North Carolina is a convenient place for Cree to litigate "because its products, documents and witnesses are located there . . . ."  Dkt. #49 at p. 2.  The other possible venues simply do not have the contacts with the present case concerning documents, witnesses and convenience as does Middle District of North Carolina.  Therefore the most convenient and proper venue for transfer is the Middle District of North Carolina and the case, if not dismissed, should be transferred there.

## IV. CONCLUSION

In light of the Supreme Court decision in *TC Heartland,* venue in this District is improper.  The record shows that Cree is not incorporated in Arizona and does not have any regular and established place of business in Arizona.  This case could have been brought in the District Court for the Middle District of North Carolina.  Here, the weight of relevant considerations regarding venue contacts and sources of evidence demonstrate that the Middle District of North Carolina is the most convenient venue for this matter.  In these circumstances, this case should be transferred to the Middle District of North Carolina.

RESPECTFULLY SUBMITTED this 2nd day of June, 2017.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *s/Shane E. Olafson*
Shane E. Olafson
201 East Washington Street, Suite 1200
Phoenix, AZ  85004
*Attorneys for Defendant Cree, Inc.*

101466758_1                          10

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a notice of Electronic Filing to the following CM/ECF registrants:

Robert A. Brooks – rbrooks@mccarter.com

Mead Misic – mmisic@mccarter.com

Leah R. McCoy – lmccoy@mccarter.com

Kia I. Freeman – kfreeman@mccarter.com

Keith E. Toms – ktoms@mccarter.com

By: *s/Ashly White*